**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YAZZMINE GALLIMORE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 26-CV-1974** |
| | : | |
| LAUREL LIFE, *et al*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**SCOTT, J.**                                                                                    **JUNE 29 , 2026**

Yazzmine Gallimore has filed an employment discrimination claim under Title VII of the

Civil Rights Act of 1964 ("Title VII") naming Laurel Life ("Laurel") and two of its employees,

Sarah Mazzur and Wilson Santiago.  She seeks to proceed *in forma pauperis*.  As the Court has

instructed Gallimore in a prior decision that coworkers are not proper defendants in a Title VII

case, the coworkers will be dismissed with prejudice.[1]  The Court will grant Gallimore leave to

proceed *in forma pauperis*  and dismiss the claims against Laurel.  Gallimore's request for

appointment of counsel will be denied as premature.

---

[1] *See Gallimore v. Merakey*, No. 25-6089, 2026 WL 510725, at *4 n.3 (E.D. Pa. Feb. 24, 2026) ("*Gallimore II*") (stating that the United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, holding the term "employer" as used in Title VII does not encompass individual employees (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996)).
  The Court provided Gallimore with extensive information about the law governing Title VII race-based termination, retaliation, and hostile work environment claims in *Gallimore II* 2026 WL 510725, at *3, and an earlier Memorandum dismissing the original complaint in that case. *Gallimore v. Merakey*, No. 25-6089, 2026 WL 309489, at *3 n.2, 3. (E.D. Pa. Feb. 4, 2026) ("*Gallimore I*").  The decisions gave her instructions on what types of factual allegations she must make to assert these kinds of claims plausibly.

1

I.    **FACTUAL ALLEGATIONS**[2]

By checking boxes on her Complaint form, Gallimore, who is African American, asserts Title VII race-based discrimination claims based on termination of her employment, a failure to stop harassment, and retaliation based on acts began on May 10, 2025.  (Compl. at 5-7).  She asserts on the form portion of the Complaint that she was discriminated against at Laurel for her race, endured discrimination from May 10 to June 27, 2025, and endured discriminatory comments, was ostracized during a meeting, and was terminated "in retaliation for reporting it to the EEOC."  (*Id*. at 7.)

In the typewritten portion, Gallimore adds that she began working at Laurel on April 14, 2025 and received the first complaint about her performance on May 15.  (*Id*. at 10.)  On May 10, 2025 during a session with her "white partner" Rhys Seggel and clients, Seggel almost hit her with his pen while talking and "continued to invade [her] personal space after [she] communicated this."  (*Id*.)  She expressed her concern over Seggel to her supervisor Sarah Mazzur and Mazzur "shared that this specific family" – apparently a reference to the client at the session– "has shown bias towards African-Americans in the past."  (*Id*.)  Gallimore told Mazzur she "would do better for the future" but the context of this statement is unclear.  (*Id*.)

On May 15, 2025, during supervision, Mazzur made comments about her own past work partner missing work to get her hair done.  (*Id*.)  Around June 10, Gallimore participated in a training with a new coworker, the program director Wilson Santiago, Mazzur, and two other supervisors "in which they ostracized [her] by showing favoritism toward the new co-worker."

---

[2] Unless otherwise stated, the facts are taken from Gallimore's Complaint (ECF No. 2) consisting of the Court's form available to unrepresented litigants and attached typewritten pages.  The Court deems to the entire submission to constitute the Complaint adopts the pagination supplied to all *pro se* submissions by the CM/ECF docketing system.

(*Id*.)  On June 18, Gallimore missed work due to a sickness for which she went to a hospital, and which she communicated to her supervisors.  (*Id*.)  On June 24, she filed a complaint with the EEOC about a former employer, Merakey.  (*Id*.)  The next day, June 25, she received an email from Mazzur about her work performance.  (*Id*.)  Gallimore responded to her about her sickness and Mazzur responded "that we could have a meeting about it."  (*Id*.)  Gallimore, Mazzur, Santiago, and an unnamed "compliance director" had a Zoom call on June 25 during which Gallimore was told she was being put on investigation for failing to report a client's suicidal ideation to a parent, which resulted in an inpatient stay (presumably for the child).  (*Id*.) Gallimore states that she did report the suicidal ideation.  (*Id*.)  She was terminated on June 27 because she failed to report the suicidal ideation to the parent, missed three days of work, and because she did not complete progress note documentation or an audit.  (*Id*. at 11.)  Gallimore states that she did complete these tasks.  (*Id*.)

After her termination, she reported Laurel to the EEOC on July 6, 2025; reported another employer, Youth Advocate Programs, to the EEOC on July 7, 2025; and filed another report to the EEOC about Merakey on July 15, 2025 because her first report was closed due to the inability to receive an interview.  (*Id*.)  Gallimore asserts that Laurel discriminated against her on the basis of her race, harassed her resulting in a hostile work environment, and "then fired [her] in retaliation after reporting it to the EEOC."  (*Id*.)  She seeks money damages.  (*Id*.)

## II.    STANDARD OF REVIEW

The Court grants Gallimore leave to proceed *in forma pauperis*.   Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the Gallimore's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability.  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112).  Gallimore's Complaint fails to allege plausible discharge, retaliation, and hostile work environment claims under Title VII.

#### A.    Termination

To state a claim for employment discrimination under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that her membership in a protected class was "either a motivating or determinative factor" in her employer's adverse employment action. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Gallimore asserts she is African American and was discharged by Laurel.  However, she fails to plead facts to raise a reasonable expectation that she was terminated because of her membership in the protected class. Gallimore's only assertions regarding race are (1) that she had an interpersonal conflict with her "white partner" Seggel because he almost hit her with his pen while talking and interfered with her personal space after she asked him not to do so, and (2) Mazzur stated that a client family showed bias towards African-Americans in the past.  Nothing in these allegations raises an inference that she was terminated because of her race.

#### B.    Retaliation

The retaliation claim also fails.  As the Court instructed Gallimore previously, for a retaliation claim under Title VII to be plausible, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse

action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Gallimore II*, 2026 WL 309489, at *3 n.3 (quoting *Connelly*, 809 F.3d at 789). Title VII protects "those who oppose discrimination made unlawful by Title VII." *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006). Not every complaint about employment entitles its author to protection from retaliation under Title VII. *See Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (noting that Title VII does not "set forth a general civility code for the American workplace" (internal quotation marks omitted)). "Rather, only complaints about discrimination prohibited by Title VII—that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2—constitute 'protected activity.'" *Davis v. City of Newark*, 417 F. App'x 201, 202-03 (3d Cir. 2011) (*per curiam*) (citing *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995)). "Thus, for a complaint to amount to 'protected activity,' it must implicate an employment practice made illegal by Title VII." *Id*. at 203 (citing *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc*., 450 F.3d 130, 135 (3d Cir. 2006)). "General complaints of unfair treatment will not suffice." *Id*. (citing *Barber*, 68 F.3d at 702).

Gallimore asserts that she engaged in protected conduct in making reports of discrimination to the EEOC involving several of her employers. However, she has failed to allege a plausible causal link between this protected conduct and her termination from Laurel. Each of the reports she cites were filed after she was terminated by Laurel making any causal link between that protected activity and Laurel's adverse action implausible. She alleges no other protected conduct prior to her termination and, moreover, there is no allegation that Laurel was aware of her reports concerning other employers. Her retaliation claim will, thus, be dismissed.

####     C.        Hostile Work Environment

To plead a hostile work environment claim, a plaintiff must allege: (1) she suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present.  *Starnes v. Butler Cnty. Ct. of Common Pleas*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014).  "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at discrimination."  *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (cleaned up)); *Burlington N. & Santa Fe Ry.*, 548 U.S. 53, 68 (2006) (noting that Title VII does not "set forth a general civility code for the American workplace" (internal quotation marks omitted)).  As the Court informed Gallimore, "[t]he question of whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Gallimore I*, 2026 WL 510725, at *3 (quoting *Sousa v. Amazon.com, Inc.*, No. 22-3043, 2023 WL 7486751, at *3 (3d Cir. Nov. 13, 2023) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Gallimore's allegations about her "white partner" invading her space and negative interactions with supervisors fail to allege a hostile work environment.  She asserts that Mazzur made a comment about a former employee missing work to get her hair done, but does not explain how this isolated comment was hostile toward her.  Her assertion about a single incident where Seggel accidentally touched her with his pen leading to Mazzur describing the family that

7

was involved as having "shown bias towards African-Americans in the past," does not allege severe or pervasive discrimination.  Finally, Gallimore's allegation that those attending a training showed favoritism toward a newly hired individual, as well as her complaint about Seggel, are the types of non-discriminatory workplace annoyances that do not allege plausibly a hostile work environment since they have no connection to intentional race discrimination.  *Oncale*, 523 U.S. at 80.

## IV.    CONCLUSION

For these reasons, Gallimore's Complaint will be dismissed.  The coworkers will be dismissed with prejudice.  Although the Court has previously provided Gallimore with the legal elements of Title VII discrimination claims, and described the kinds of facts she had to allege to state plausible violations of Title VII, the Court will grant her leave to file an amended complaint if she is able to allege facts to cure the defects in her claims against Laurel.  Gallimore's request for appointment of counsel will be denied as premature.  *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (holding that, in determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law").  An order containing additional information on amendment will be entered separately.

BY THE COURT:

*/S/ Kai N. Scott*
**KAI N. SCOTT, J.**